**James A. McInerney, Plaintiff in Error, for use of J. W. Williamson and Mary Williamson, Defendants in Error, v. Andrew J. Graham, Defendant in Error.**

**Gen. No. 18,592.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914.

## Statement of the Case.

Garnishment proceeding in the Municipal Court by James A. McInerney for the use of J. W. Williamson and Mary Williamson against Andrew J. Graham, doing business as Graham & Son, as garnishee. An

affidavit was filed by J. W. Williamson alleging that a judgment was rendered in the Municipal Court against McInerney in favor of the Williamsons; that an execution had been issued and returned unsatisfied, and that the garnishee was indebted to the judgment debtor McInerney. A final judgment was entered against the garnishee for $452.70. To reverse the judgment, McInerney sues out a writ of error.

GEORGE H. SUGRUE and JESSE WILCOX, for plaintiff in error.

CHARLES L. MAHONY and JOHN C. DEWOLFE, for defendants in error J. W. Williamson and Mary Williamson; HOGAN & HOGAN, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

1. GARNISHMENT, § 118*—*when objection for defects in affidavit cannot be urged on review.* Objections to an affidavit for garnishment that the jurat shows an omission of the concluding figure of the date and also an omission to give the official designation of the officer before whom the affidavit was sworn, that a wrong initial is used in the name of the bailiff who returned the execution, and that there is discrepancy of seventy-five cents in stating the amount of the debt, cannot be urged where all the parties at one stage or another of the subsequent proceedings were before the court and no objection was made in the court below that the affidavit was insufficient or not properly sworn to.

2. GARNISHMENT, § 72*—*when appearance by garnishee waives irregularities in process.* Appearance by garnishee to a scire facias on a conditional judgment waives any preceding irregularities in the process by which he was brought before the court.

3. GARNISHMENT, § 116*—*when invalidity of service of process and irregularities in conditional judgment do not render final judgment erroneous.* Invalidity of service on garnishee on which a conditional judgment against him is found, and irregularities in the recitals of the conditional judgment, cannot be urged as a ground that the final judgment against him is erroneous, where he appeared and made answer to the scire facias after proper service of

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

a summons upon him to show cause why a final judgment should be entered against him.

4. GARNISHMENT, § 118*—*effect of failure to file bill of exceptions.* When no bill of exceptions is filed it cannot be urged that a final judgment against the garnishee is unwarranted because there is in the record no recital of evidence or finding of the judgment against the nominal plaintiff in favor of the beneficial plaintiff. In the absence of anything answering to a bill of exceptions it cannot be presumed that no evidence of such judgment as recited in the scire facias was given before the court.

5. GARNISHMENT, § 32*—*when injunction against payment of funds to judgment debtor no defense to garnishee.* In a suit in garnishment to recover money deposited with the garnishee by the judgment debtor, the fact that Circuit Court had issued an injunction against the payment by the garnishee to the judgment debtor in favor of his wife in divorce proceedings, *held* no defense to the garnishee against the rights of the judgment creditor.

6. MUNICIPAL COURT OF CHICAGO, § 34*—*necessity of interrogatories in garnishment.* In a fourth class case in garnishment in the Municipal Court the cause proceeds as it might before a justice of the peace without the filing of interrogatories.